IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken,<br><br>      Plaintiff,<br><br>vs.<br><br>Bank of America N.A.,<br><br>      Defendant. | Civil Action No. 6:14-cv-1814-GRA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the defendant's motion to dismiss (doc. 15). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

    On December 30, 2002, the plaintiff executed a promissory note for $95,500.00 in favor of lender Coastal Mortgage Services, Inc. The loan was secured by a mortgage dated the same date on a property located at 313 Lanewood Drive in Greenville, South Carolina (doc. 1-2, pp. 6-8). The defendant was the loan servicer for this loan for a period of time (doc. 1, comp. ¶ 10).

    On April 25, 2013, the plaintiff mailed the defendant a letter dated April 19, 2013, and notice of dispute requesting validation of his debt (doc. 1, comp. ¶¶ 9-10 & doc. 1-1). On May 3, 2013, the defendant sent a written acknowledgment of the April 19th letter and informed the plaintiff "that the claims and conclusions contained in the Letter are vague and conclusory, are without legal or factual support, and are inconsistent with the documents signed by the Borrower at closing" (*id.* ¶11 & doc. 1-2). The defendant's May 3rd letter further stated that "the debt is evidenced by a Note dated December 30, 2002 in the amount of $95,000, executed by the Borrower in the favor of Coastal Mortgage Services, Inc" (*id.*). The plaintiff received the May 3rd letter on May 7, 2013 (*id.*). The

defendant also issued a second response letter on May 9, 2013 (doc. 1-3). On May 24, 2013, the plaintiff sent a reply letter to the defendant in which he denied the validity of the debt on the loan, declared that he would "refuse to pay the alleged debt," and demanded that the defendant cease and desist all attempts to collect it (doc. 1, comp. ¶¶ 21-22 & doc. 1-4). On May 31, 2013, the defendant issued another response letter to the plaintiff (*id.* ¶ 24 & doc. 1-5), informing the plaintiff that servicing of the subject loan had been transferred to Green Tree Servicing, LLC on April 30, 2013, and providing contact information (*id.*). On June 4, 2013, the defendant sent another letter to the plaintiff confirming receipt of the May 24th letter and again informing the plaintiff that the servicing of the loan had been transferred (*id.* ¶ 27 & doc. 1-6). On June 13, 2013, the defendant sent the plaintiff an annual escrow account disclosure statement (*id.* ¶ 33 & doc. 1-10).

The plaintiff claims that the defendant's May 3rd and May 9th letters, which were issued in response to the plaintiff's April 19th letter, failed to contain certain information required by 15 U.S.C. § 1692. Specifically, the plaintiff claims that these letters: failed to validate the debt pursuant to 15 U.S.C. § 1692 (doc. 1, comp. ¶ 19); failed to contain the name of the creditor to whom the debt is owed pursuant to 15 U.S.C. § 1692g(a)(2) (*id.* ¶ 13); failed to inform the plaintiff that debt will be assumed valid if he did not object within thirty days after receipt of the notice from the defendant as required by 15 U.S.C. § 1692g(a)(3) (*id.* ¶ 14); failed to contain a statement informing the plaintiff that the debt collector is required to obtain verification of the debt within thirty days of a consumer's request pursuant to 15 U.S.C. § 1692g(a)(4) (*id.* ¶ 15); failed to provide the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(4) (*id.* ¶ 16); and failed to contain the "mini-miranda warnings," as required by 15 U.S.C. § 1692e(11), which inform the recipient that the communication is an attempt to collect a debt from a debt collector (*id.* ¶¶ 18, 20). The plaintiff also claims that the defendant's May 31st, June 4th, and June 5th letters are in violation of 15 U.S.C. § 1692c(c) because they were sent after the plaintiff submitted his May 24th letter, which contained the plaintiff's written request that the defendant cease and desist collection efforts upon his declaration that he refused to pay

the debt (*id.* ¶¶ 26, 29, 33). The plaintiff further alleges that these letters failed to contain the "mini-miranda warnings" required by 15 U.S.C. § 1692(3) (*id.* ¶¶ 25, 28, 34). The plaintiff also asserts that the transfer and collection of the debt, as evidenced by the defendant's May 31st letter, violated 15 U.S.C. § 1692g(b) because it continued after the plaintiff had given the defendant notice that he was disputing the debt (*id.* ¶ 24). Based on these allegations, the plaintiff has asserted twenty-six counts for violations of the Federal Debt Collection Practices Act ("FDCPA") (*id.* Counts 1-26).

The plaintiff also requested and received credit reports from the major credit bureaus. He alleges that these reports failed to acknowledge the debt as disputed in violation of 15 U.S.C. § 1692e(8) (doc. 1, comp. ¶¶ 30-32, 37). Based on these allegations, the plaintiff has asserted seven additional counts for violations of the FDCPA (*id.* Counts 27-33).

The plaintiff further alleges that the defendant's May 3rd letter, which was the defendant's first response to the plaintiff's April 19th letter, was not sent within five days as required by the Real Estate Settlement Procedures Act ("RESPA") Regulation X (*id.* ¶ 12). Based on these allegations, the plaintiff has asserted two counts for violations of the RESPA (*id.* Counts 34-35).[1]

### APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v.*

---

[1] The plaintiff mistakenly misnumbered Counts 34 and 35 with Roman numerals indicating they are Counts 39 and 40 (*see* doc. 1, comp. at pp. 19-20).

*American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). Federal Rule of Civil Procedure 10(c) states in pertinent part, "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Furthermore, in considering a Rule 12(b)(6) motion, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Federal Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (citations omitted).

A *pro se* plaintiff's pleadings are accorded liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, "[t]he 'special judicial solicitude' with which a district court should view. . . *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be

addressed." *Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

***Federal Debt Collection Practices Act***

The plaintiff has asserted thirty-three counts for violations of the FDCPA.  "To establish an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.' " *Boosahda v. Providence Dane LLC*, C.A. No. 10-1933, 2012 WL 268345, at *1 n.3 (4th Cir. Jan. 31, 2012) (quoting *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)).  Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include persons or entities that collect debts "to the extent that such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." *Id.*

The defendant first argues that the plaintiff has failed to allege facts that show that it is a debt collector under the FDCPA.   "A number of courts in this circuit have recognized that mortgage servicing companies foreclosing on real property do not qualify as debt collectors under the FDCPA, as long as their assignment occurred before default." *Thomas v. SunTrust Mortg., Inc.*, No. 1:14cv518, 2014 WL 4641168, at *5 n.3 (M.D.N.C. Sept. 16, 2014) (citations omitted).

The plaintiff asserts that "Defendant is an [sic] known and active Debt Collector, as defined pursuant to 15 U.S.C. § 1692a(6)" and further alleges that the defendant was the mortgage servicer for his loan (doc. 1, comp. ¶¶ 6, 9). Therefore, the defendant argues that the plaintiff's allegations show that it is exempt from the FDCPA unless the debt was already in default at the time servicing rights were obtained. *See Ayres*

5

*v. Ocwen Loan Servicing, LLC*, Civil No. WDQ-13-1597, 2014 WL 4269051, at *7 (D. Md. Aug. 27, 2014) ("Mortgage servicing companies are exempt from the definition of 'debt collectors' under the FDCPA only "to the extent that they take action to collect debts that were not in default at the time they acquired the debts.") (citation omitted).  The defendant argues that as the plaintiff does not allege that he was ever in default on the subject loan, let alone that the defendant became the servicer after his default, the plaintiff has failed to allege any facts in support of his conclusion that the defendant is a debt collector under the FDCPA.

In response to the motion for summary judgment, the plaintiff submitted a document addressed to him from the defendant stating that, effective July 1, 2011, servicing of his home loan would be transferred to the defendant (doc. 21-1 at 5).  The document further states that, under the FDCPA, the defendant "is considered a debt collector" (*id.* at 5-6).  The document states that the name of the creditor to whom the plaintiff's debt is owed is "FNMA ACT/ACT" and that the defendant does not own the loan and only services it on behalf of the creditor (*id.* at 5).  The plaintiff also submitted a letter dated April 10, 2013, from the defendant in which the defendant notified the plaintiff that servicing of his home loan would be transferred to Green Tree Servicing LLC as of May 1, 2013 (*id.* at 2).  In that letter, the defendant stated that it "is required by law to inform you that this communication is from a debt collector" (*id.* at 3). Also attached to the plaintiff's response in opposition to the motion to dismiss is a copy of a lis pendens filed in the Greenville County Court of Common Pleas on October 7, 2010, for foreclosure of the property at 313 Lanewood Drive, Greenville, South Carolina (doc. 21-2).

The plaintiff's submissions show that the defendant serviced his loan from July 1, 2011, to April 30, 2013, and he was in default on the loan as of October 7, 2010.  Based upon the foregoing, the plaintiff has adequately supported an accusation that the defendant may be a "debt collector" under the FDCPA because it acquired the plaintiff's account after the debt was in default, and it attempted to collect on the debt obligation for the creditor.  Although the above-described documents were not attached to the original complaint, the

undersigned has considered them without treating the motion as a motion for summary judgment because they include official public records and documents central to the plaintiff's claims, and the authenticity of these documents has not been disputed by the defendant. *See Witthohn*, 164 F. App'x at 396.  Accordingly, dismissal on the basis that the defendant is not a debt collector under the FDCPA should be denied.  *See Clarke v. Dunn*, C.A. No. DKC 13-2330, 2014 WL 4388344, at *4-5 (D. Md. Sept. 4, 2014) (holding that the plaintiffs pled facts sufficient to show that the defendant was a debt collector as documentation showed that their mortgage was in default at the time the defendant became the servicer of the mortgage account).

The defendant next argues that the FDCPA claims in Counts 3 through 10 should be dismissed as time-barred because the statute of limitations period for any violation arising from its May 3rd letter to the plaintiff expired on May 3, 2014 (def. m. to dismiss at 7).  The plaintiff's complaint was filed on May 6, 2014 (doc. 1, comp.). FDCPA claims may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The defendant argues that the limitations period commenced on the date the letter was mailed and not the date on which it was received (def. m. to dismiss at 7).

"Generally, the statute of limitations begins to run when a communication violating the FDCPA is sent." *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F.Supp.2d 492, 501 (D. Md. 2004) (citation omitted). However, the Fourth Circuit Court of Appeals has held the discovery rule, which provides that a limitations period does not begin to run until the plaintiff knows or has reason to know of the injury that is the basis of the lawsuit, applies to an FDCPA action. *Lembach v. Bierman*, 528 F. App'x 297, 301-302 (4th Cir. 2013) (citing *Magnum v. Action Collection Service, Inc.*, 575 F.3d 935, 940-41 (9th Cir. 2009) (finding that the general federal rule that a limitations period commences when the plaintiff knows or has reason to know of the injury that is the basis of the action applies to the statute of limitations for an FDCPA action)).  Here, the plaintiff received the letter at issue on May 7, 2013, and he filed his complaint on May 6, 2014.  Accordingly, the complaint was timely because it

was filed within one year of the date that the plaintiff discovered (or could have discovered) the alleged FDCPA violation.

Based upon the foregoing, the defendant's motion to dismiss the plaintiff's claims under the FDCPA should be denied.

### *Real Estate Settlement Procedures Act*

The plaintiff alleges that the defendant failed to acknowledge receipt of his April 19th letter within the time specified by the RESPA Regulation X (doc. 1, comp. ¶¶ 107, 109). The defendant argues that the plaintiff has failed to state a claim for violation of the RESPA, and thus Counts 34 and 35 should be dismissed. This court agrees.

Under the current applicable provision of RESPA, a servicer that receives a valid qualified written request ("QWR") from a borrower for information relating to the servicing of the loan must (1) acknowledge receipt of the request within five business days; and (2) take any necessary action within thirty business days. 12 U.S.C. § 2605(e). The above time periods were implemented by "Regulation X," which is cited by the plaintiff in his complaint. Regulation X was enacted to amend certain aspects of RESPA including a reduction in the response time allowed for a QWR from twenty days to five days and the time for taking any necessary action from sixty days to thirty days. *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 n.3 (10th Cir. 2013) (explaining why amendment took effect on January 10, 2014). As this change did not become effective until January 10, 2014, *id.*, at the time of the plaintiff's April 19, 2013, letter, the defendant had twenty days to respond. *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181 n. 3 (2d Cir. 2014) (""As of January 10, 2014, servicers have five days to acknowledge receipt of a QWR and thirty days to respond, subject to limited extensions."); *see generally* Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. 10696 (Feb. 14, 2013). Here, the defendant's response letter is dated May 3, 2013, and the plaintiff admits to receiving it on May 7, 2013 (doc. 1, comp. ¶ 11 & doc. 1-2). Thus, the defendant responded well within the twenty business days required at the time by 12 U.S.C. § 2605(e)(1)(B). Based upon the foregoing, the plaintiff's claims alleging that the defendant

failed to timely acknowledge receipt of his QWR fail to state a claim upon which relief can be granted under the RESPA, and Counts 34 and 35 should be dismissed. Accordingly, the defendant's other arguments in support of dismissal of the RESPA claims will not be addressed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the defendant's motion to dismiss (doc. 15) should be denied as to the FDCPA causes of action and granted as to the RESPA causes of actions as set forth above.

IT IS SO RECOMMENDED.

Kevin F. McDonald
United States Magistrate Judge

October 6, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).