IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joel Clay Bracken, | ) |
| Plaintiff, | ) Civil Action No. 6:14-1814-GRA-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Bank of America, N.A., | ) |
| Defendant. | ) |

The plaintiff, proceeding *pro se*, has filed an amended application to proceed *in forma pauperis* ("IFP"), or without prepaying fees or costs (doc. 20). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

Grants or denials of applications to proceed IFP are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir.1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order denying an application to proceed IFP.[1] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed IFP. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir.1990). Specifically, the *Woods* court ruled that a denial of an application to proceed IFP by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id*. at 187. The Tenth and Fifth Circuits have reached

---

[1] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed *in forma pauperis* is in the district court. *Gent v. Radford Univ.*, No. 99-1431, 1999 WL 503537, at *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id*.

similar conclusions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits a report and recommendation to preserve the plaintiff's opportunity to obtain *de novo* review by a district judge on objections.

By way of background, the plaintiff filed his complaint and initial IFP application on May 6, 2014. The plaintiff stated that he was unemployed with no income or assets, except $72.57 in savings, and that he did "not own . . . real estate" (doc. 3). The undersigned granted the plaintiff's IFP application by order dated May 6, 2014 (doc. 9).

In another pending case filed by the plaintiff, *Bracken v. Fannie Mae*, 6:13-1983-TMC-KFM, the parties were ordered to participate in mediation by the Honorable Timothy M. Cain, United States District Judge, on December 3, 2013 (6:13-1983-TMC-LFM, doc. 47). On May 19, 2014, the plaintiff filed a motion to be relieved and exempted from the expenses of mediation in that case (*id.*, doc. 56). A hearing on the motion was held before the undersigned on June 16, 2014. In response to questioning by the court, the plaintiff admitted owning a residence that he had failed to earlier disclose in his initial IFP application in the *Bracken v. Fannie Mae* case. Further, the plaintiff claimed to have no knowledge of the value of the residence nor the amount due on the mortgagee and any resulting equity, despite being involved in ongoing foreclosure proceedings. By order dated June 16, 2014, the undersigned ordered the plaintiff to file an amended IFP application in the *Bracken v. Fannie Mae* case as well as in the above-captioned case, and his motion for relief from mediation expenses was denied (*id.*, doc. 73). The plaintiff filed his amended motion for IFP in *Bracken v. Fannie Mae* on June 27, 2014 (*id.*, doc. 76). On August 1, 2014, the undersigned issued a report recommending that the plaintiff's amended motion for IFP in the *Bracken v. Fannie Mae* case be denied (*id.*, doc. 85). The motion and report are currently pending before Judge Cain.

The plaintiff also filed an amended motion for IFP in the instant case on June 27, 2014 (doc. 20). The plaintiff now admits ownership of real property, stating that he "lives within and is named on a property Deed" for 313 Lanewood Drive in Mauldin, South

Carolina. As to the issue of value, the plaintiff states that the original purchase price in 2003 was $98,500.00. He further states that the "current market value of the property is unknown to the Plaintiff, and is assumed to be much less than what was previously mortgaged, due to economic downturn." The plaintiff also states, "Defendant claims to be an [sic] servicer of a mortgage account on behalf of Fannie Mae for an unspecified amount. The Plaintiff does not know what the accurate amount of the alleged debt is. The amount of debt is unknown and may only be ascertained by the Defendant" (*id.*).

The plaintiff bears the burden of proving that he is unable to pay the costs of these proceedings and, in submitting his IFP applications, declares under penalty of perjury that the information provided is true.

Having considered the amended IFP application, the court finds that the plaintiff has failed to provide sufficient information to prove that he is entitled to relief. While he now admits ownership of the residence at 313 Lanewood Drive, he continues to claim no knowledge of its current value. A cursory search by the court of three internet real estate websites estimate the current value of the property to be $112,120 (Zillow.com), $120,800 (Homes.com), and $120,600 (Homesnap.com) (last visited Oct. 1, 2014). Contrary to the plaintiff's representation that the value of his property has decreased, these estimates show that the property has increased in value. Moreover, because the plaintiff refuses to provide any information on the mortgage amount due, the court is unable to determine if the plaintiff is without sufficient equity in the property to justify relief here. *See Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D. Tex. 1976) (setting forth three legal tests for determining whether a person should proceed IFP under 28 U.S.C. § 1915: 1) Is the litigant barred from the federal courts by the reason of his "impecunity"?; (2) Is his access to the courts blocked by the imposition of an undue hardship?; (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?). While the plaintiff claims that only the defendant can provide this information, it is not the defendant's responsibility to prove the plaintiff's IFP status.

Based upon the foregoing, the plaintiff's amended application to proceed in district court without prepaying fees or costs (doc. 20) should be denied.

IT IS SO RECOMMENDED.

October 6, 2014  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).