UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joel Clay Bracken, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 6:14-cv-01814-GRA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bank of America, N.A., | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| | ) | |

Joel Clay Bracken ("Plaintiff"), proceeding *pro se*, brought this suit against Bank of America, N.A. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), the Magistrate Judge issued a Report and Recommendation to grant in part and deny in part Defendant's Motion to Dismiss for failure to state a claim and a Report and Recommendation to deny Plaintiff's Amended Motion to Proceed *In Forma Pauperis* ("IFP"). ECF Nos. 25, 26. After a *de novo* review and for the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 15, is **GRANTED** in full, and Plaintiff's Amended Motion to Proceed IFP, ECF No. 20, is **GRANTED**.

## BACKGROUND

On December 30, 2002, Plaintiff signed a promissory note in the amount of $95,500 in favor of Coastal Mortgage Services, Inc. ECF No. 1-2 at 6-8. The note was secured by a mortgage on property located at 313 Lanewood Drive in Greenville, South Carolina. *Id.* In October 2009, Plaintiff purportedly defaulted on his loan payments.

ECF Nos. 1-7, 1-9.  At that time, BAC Home Loans Servicing, LP was servicing the loan.  ECF No. 21 at 2, & Ex. 2.  Approximately one year later, on October 7, 2010, BAC Home Loans Servicing, LP initiated a foreclosure action on the property.  *Id.*  To date, that action is still pending in state court.  *See BAC Home Loan Servicing, LP v. Bracken*, No. 2010-CP-2308330 (Greenville Cnty. Ct. of Common Pleas).  On July 1, 2011, Defendant became the servicer of the loan as the result of a merger with BAC Home Loans Servicing, LP.  ECF Nos. 1-2, 1-5, 1-6, & 21-1 at 6.

On April 25, 2013, Plaintiff sent Defendant a letter disputing the debt and requesting various documents related to his mortgage loan.  ECF No. 1 ¶¶ 9-10, & Ex. 1.  On May 3, 2013, Defendant responded to Plaintiff, explaining the origin of the debt and attaching supporting documentation.  *Id.* ¶ 11, & Ex. 2.  Defendant also informed Plaintiff that loan servicing was being transferred to Green Tree Servicing, LLC, effective April 30, 2013.  *Id.*  On May 9, 2013, Defendant sent a second response letter.  *Id.* ¶ 19, & Ex. 3.  On May 24, 2013, Plaintiff sent a reply in which he claimed that Defendant's responses were inadequate, denied the validity of the debt, declared that he would refuse to pay the debt, and demanded that Defendant cease and desist from all collection efforts.  *Id.* ¶¶ 21-23, & Ex. 4.  On May 31, 2013, Defendant sent Plaintiff another notice that loan servicing was being transferred to Green Tree Servicing, LLC.  *Id.* ¶ 24, & Ex. 5.  Defendant sent Plaintiff two more letters in early June 2013.  *Id.* ¶¶ 27, 33, & Exs. 6, 10.

On May 6, 2014, Plaintiff filed suit in this Court alleging that (1) Defendant's 2013 correspondence with Plaintiff violated FDCPA, *id.* ¶¶ 13-20, 24-26, 28-29, 33-36, 38-91, (2) Defendant's failure to notify credit reporting agencies that the debt was disputed violated the FDCPA, *id.* ¶¶ 30-32, 37, 92-105, and Defendant's 2013 correspondence

also violated RESPA, *id.* ¶¶ 12, 106-09.  On June 5, 2014, Defendant filed a motion to dismiss this action for failure to state a claim under Rule 12(b)(6).  ECF No. 15. After Plaintiff submitted argument and documents in opposition, ECF No. 21, the Magistrate Judge issued a Report and Recommendation to grant the motion to dismiss in regards to the RESPA claims and deny the motion as to the FDCPA claims, ECF No. 25.  Thereafter, Defendant filed an objection arguing that all claims should be dismissed.  ECF No. 28.  Plaintiff filed no objections.

The Magistrate Judge initially granted Plaintiff's motion to proceed IFP.  ECF No. 9.  After learning in a related federal action that Plaintiff had failed to disclose on his initial IFP application that he owned a residence, the Magistrate Judge ordered that Plaintiff file amended motions to proceed IFP in both cases.  *See Bracken v. Fannie Mae*, No. 6:13-CV-1983-TMC, ECF No. 73 (D.S.C. June 16, 2014).  On June 27, 2014, Plaintiff filed his Amended Motion to Proceed IFP before this Court.  ECF No. 20.  On October 6, 2014, the Magistrate Judge issued a Report and Recommendation to deny the amended motion.[1]  ECF No. 26.  These matters are now ready for ruling.[2]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of

---

[1] The Magistrate Judge also recommended denial of the amended IFP motion in the related case. No. 6:13-CV-1983-TMC, ECF No. 73.  The district judge in that case declined to adopt the Report and Recommendation and granted the amended motion to proceed IFP. *Id.*, ECF No. 97 (October 31, 2014).

[2] "Hearings on motions may be ordered by the Court in its discretion.  Unless so ordered, motions may be determined without a hearing."  Local Civil Rule 7.08 DSC.

the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 & nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (unpublished per curiam decision). In the present case, the parties received copies of each Report and Recommendation, both of which contained a "Notice of Right to File Objections to Report and Recommendation." ECF Nos. 25, 26. The Notice warned that "[f]ailure to timely file specific written objections to this Report and Recommendation will result in

waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." *Id.*

## DISCUSSION

### I. Motion to Dismiss

    *a. Legal Standard*

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In making this determination, the district court must assume that all well-pled facts are true and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). However, the court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). A complaint need not assert "detailed factual allegations;" however, it must contain "more than labels and conclusions," and "a

formulaic recitation of the elements of a cause of action" will not suffice. *Twombly,* 550 U.S. at 555.

In reviewing a Rule 12(b)(6) motion, the court may consider the complaint and documents attached to the complaint. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing Fed. R. Civ. P. 10(c)). Further, the court may consider material outside the complaint if such material is "integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (citation omitted). Further, the court may consider facts properly subject to judicial notice. *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

Plaintiff brings this claim *pro se*. A pleading filed *pro se* is "to be liberally construed," and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, a district court may not construct the plaintiff's legal arguments for him and is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). "Only those questions which are squarely presented to a court may properly be addressed." *Id.*

    b. Analysis

The sole issue that the Court need address is whether Plaintiff has adequately pled that Defendant qualifies as a "debt collector" under the FDCPA.[3] The FDCPA defines debt collector as "any person who uses any instrumentality of interstate

---

[3] The Magistrate Judge recommended dismissal of Plaintiff's RESPA claims. ECF No. 25 at 8-9. Plaintiff has filed no objection to the dismissal of the RESPA claims. Thus, the Court will adopt the Report and Recommendation with respect to the RESPA claims, which shall be dismissed.

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a.  However, the term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person."  *Id.* § 1692a(6)(F)(iii).

The Fourth Circuit has recognized that "a company's own efforts to collect overdue payments from its own delinquent clients would not ordinarily make it a 'debt collector' under the [FDCPA], which specifically refers to those who collect debts 'owed or due or asserted to be owed or due *another*.'"  *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373, 379 n.2 (4th Cir. 2006) (quoting 15 U.S.C. § 1692a(6) (emphasis in orginal)). Likewise, "[a] number of courts in this circuit have recognized that mortgage servicing companies foreclosing on real property do not qualify as debt collectors under the FDCPA, as long as their assignment occurred before default."  *Thomas v. SunTrust Mortg., Inc.*, No. 1:14-CV-518, 2014 WL 4641168, at *5 n.3 (M.D.N.C. Sept. 16, 2014) (collecting cases); *see also Ayres v. Ocwen Loan Servicing, LLC*, Civ. No. WDQ-13-1597, 2014 WL 4269051, at *7 (D. Md. Aug. 27, 2014) ("Mortgage servicing companies are exempt from the definition of 'debt collectors' under the FDCPA only 'to the extent that they take action to collect debts that were not in default at the time they acquired the debts.'" (citations omitted)).

Plaintiff's Complaint merely alleges that "Defendant is an [sic] known and active Debt Collector, as defined pursuant to 15 U.S.C. § 1692a(6)."  ECF No. 1 at 5.  This conclusory allegation is insufficient.  *See Nemet Chevrolet,* 591 F.3d at 255 ("[L]egal

conclusions . . . and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." (citing *Iqbal*, 556 U.S. at 678)); *Carrington v. Indy Mac Mortg. Servs.*, No. 5:12-CV-106-JMC, 2013 WL 530050, at *3 (D.S.C. Feb. 8, 2013) (granting motion to dismiss FDCPA claims where – as here – plaintiff alleged that the defendant was a mortgage servicer . . . and debt collector but failed to provide any further factual allegations; "this court cannot determine whether FDCPA is even applicable to Defendants as well-established law exempts creditors, such as mortgage servicers and lenders, acting in collection of their own debts from liability under the statute.").

The Magistrate Judge determined that Plaintiff's submissions showed that Defendant was a mortgage servicer but "acquired [Plaintiff's] account after the debt was in default," which would bring Defendant within the FDCPA's definition of debt collector. ECF No. 25 at 5-7.[4] Yet, after a thorough review of the pertinent records and with the benefit of arguments more thoroughly developed in Defendant's Objections, this Court concludes that Defendant effectively acquired the debt prior to default. Plaintiff purportedly defaulted on his loan payments in October 2009. ECF No. 1-7, 1-9. Further, Plaintiff admits that default and foreclosure were initiated while BAC Home Loans Servicing, LP was servicing the loan. ECF No. 21 at 2, & Ex. 2. On July 1, 2011, Defendant became the loan servicer as the result of a merger with BAC Home Loans Servicing, LP. ECF Nos. 1-2, 1-5, 1-6, & 21-1 at 6.[5]

---

[4] In doing so, the Magistrate Judge considered documents outside the Complaint. As neither party has objected to the consideration of these materials, this Court will also consider these documents.

[5] The Court also takes judicial notice of other cases recognizing the merger between BAC Home Loans Servicing, LP and Defendant in July 2011. *See, e.g., Traber v. Bank of Am.*, No. 1:13-CV-184, 2014 WL 903173, at *2 (W.D.N.C. Mar. 7, 2014); *Boyter v. Moynihan*, No. 3:12-CV-586, 2013 WL 1349283, at *5 (W.D.N.C. Apr. 3, 2013).

Although the merger was subsequent to the default, acquisition of a defaulted debt by merger – unlike a purchase or assignment – does not signify that the debt was "obtained" as contemplated by the FDCPA's definition of debt collector. *See Brown v. Morris*, 243 F. App'x 31, 34-35 (5th Cir. 2007) (arriving at this conclusion after examining the definition's text and legislative history); *see also Norma J. v. Wells Fargo Bank, N.A.*, No. 2:13-CV-01617-GEB, 2013 WL 5673469, at *3 (E.D. Cal. Oct. 17, 2013) ("Wells Fargo obtained Plaintiffs' debt when [its predecessor in interest by merger] 'obtained the debt.'"); *Dues v. Capital One, NA*, No. 11-CV-11808, 2011 WL 3799762, at *3-4 (E.D. Mich. Aug. 8, 2011) (examining rationale behind the statute, as well as the impact of 12 U.S.C. § 215a(e), and concluding that a defaulted debt acquired by merger is not "obtained" within the meaning of the FDCPA); 12 U.S.C.A. § 215a(e) ("The corporate existence of each of the merging banks or banking associations participating in such merger shall be merged into and continued in the receiving association and such receiving association *shall be deemed to be the same corporation* as each bank or banking association participating in the merger." (emphasis added)); *Sheard v. Bank of Am., N.A.*, Civ. No. PJM-10-2963, 2011 WL 3158035, at *2 (D. Md. July 25, 2011) (determining that Bank of America, N.A. and BAC Home Loan Servicing, LP did not qualify as FDCPA "debt collectors").

In light of these authorities, Defendant did not "obtain" the debt at the time of the merger. Rather, the Court must ask whether the debt was already in default at the time that Defendant's predecessor in interest by merger, BAC Home Loans Servicing, LP, acquired the debt. It was not. Plaintiff admits that the default purportedly occurred while BAC Home Loans Servicing, LP was servicing the loan, and his documentary

submissions reflect the same.  *See* ECF No. 21 at 2; *see also id.*, Ex. 2; ECF Nos. 1-7, 1-9.  Thus, Defendant cannot be considered a "debt collector" under the FDCPA.

In addition, Plaintiff appears to rely on correspondence sent by Defendant which state that Defendant is debt collector. ECF No. 21 at 2.  Courts in this circuit have routinely found that such statements do not constitute binding admissions and do not, in and of themselves, bring a creditor within the FDCPA's definition of debt collector.  *See, e.g., Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 334 (4th Cir. 2012) ("[S]uch a disclaimer does not automatically trigger the protections of the FDCPA.")*; Clarke v. Dunn*, Civ. No. DKC-13-2330, 2014 WL 4388344, at *4 (D. Md. Sept. 4, 2014) ("[A]n entity that refers to itself as a 'debt collector' does not become one for purposes of the FDCPA if it does not otherwise fall within that law's definition."); *Champion v. Bank of Am., N.A.*, No. 5:13-CV-00272-BR, 2014 WL 25582, at *2-3 (E.D.N.C. Jan. 2, 2014); *Clay v. Countrywide Home Loans*, No. 9:08-1369-MBS, 2009 WL 223727, at *3 (D.S.C. Jan. 28, 2009) (same).

Based on the foregoing, Plaintiff has not plausibly alleged that Defendant is a "debt collector" under the FDCPA, Defendant's Motion to dismiss will be granted, and Plaintiff's claims shall be dismissed with prejudice.[6]

## II. Amended Motion to Proceed IFP

Federal courts "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," if the litigant submits an affidavit that includes a statement of all his assets and shows that he is "unable to pay such fees or give security therefor."

---

[6] Under these circumstances, granting Plaintiff leave to amend would be futile.  *See Norma J.*, 2013 WL 5673469, at *3.

28 U.S.C. § 1915(a)(1). "Determination of what constitutes 'unable to pay' or unable to 'give security therefor,' and therefore, whether to allow a plaintiff to proceed [IFP] is left to the discretion of the presiding judge, based on the information submitted by the plaintiff." *Farnsworth v. United States*, 106 Fed. Cl. 513, 516 (2012); *see also Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (noting that a trial court has 'broad discretion' in deciding an application to proceed IFP). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). "To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Prophet v. United States*, 106 Fed. Cl. 456, 460-61 (2012) (quotation omitted).

The Magistrate Judge recommended denial of Plaintiff's Amended Motion to Proceed IFP for failure to sufficiently prove his inability to pay. ECF No. 26. The Magistrate Judge was primarily concerned with Plaintiff's stubborn refusal to provide information regarding the value of his residence and his equity therein. *Id.* The Court generally agrees with the Magistrate Judge that Plaintiff has been evasive regarding the residence. Plaintiff is hereby warned that he must be more forthcoming in matters before the Court.

Nevertheless, the Court has examined the totality of the circumstances and concluded that Plaintiff has sufficiently shown his inability to pay.[7] In his Amended Motion to Proceed IFP, Plaintiff has sworn under penalty of perjury that he has no

---

[7] In Plaintiff's related federal action, the district judge made the same determination after examining similar facts. *See supra* note 1.

wages or other sources of income and that he is unable to pay the costs and fees of his case. ECF No. 20. As of June 2014, he had $369.28 in a savings account. *Id.* As of November 2014, he had only $10.00 in his savings account and $72.84 in a checking account. ECF No. 31-3. He has been deemed eligible for the Supplemental Nutrition Assistance Program (SNAP), formerly known as the Food Stamp Program. ECF No. 31-2. Plaintiff does own a house in Greenville County that he originally bought for $98,500.00 in 2003. ECF No. 20. However, Plaintiff attached documents to his Complaint showing an unpaid balance of $86,535 on his mortgage loan as of June 2013, which suggests that he has little equity in the home. ECF Nos. 1-7, 1-8. In addition, the residence is subject to a foreclosure action pending in state court. Based on the foregoing, the Court will grant Plaintiff's Amended Motion to Proceed IFP.

### CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Amended Motion for Leave to Proceed IFP is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** and the Clerk is directed to **TERMINATE** this case.

**IT IS SO ORDERED.**

*[signature]*
G. Ross Anderson, Jr.
Senior United States District Judge

December 29, 2014
Anderson, South Carolina